UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STACY S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-0395-MJD-JMS |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR EAJA FEES**

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  [Dkt. 17.]  The Court **GRANTS** the motion for the reasons set forth below.

## I.  Background

On October 10, 2021, Plaintiff filed her Complaint seeking judicial review of the ALJ's unfavorable finding denying Plaintiff's application for disability benefits.  [Dkt. 1.]  The Court ruled in favor of Plaintiff and entered judgment on June 8, 2022, reversing the decision of the Commissioner and remanding for further proceedings.  [Dkt. 16.]  Plaintiff timely filed the instant motion with supporting documentation on September 1, 2022, requesting an EAJA attorney fee award in the amount of $3,531.50.  [Dkt. 17.]

## II.  Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States."  28 U.S.C. § 2412(d)(1)(A).  In

order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final

judgment in the action, file an application (1) showing that she is a "prevailing party," (2)

providing the Court with an itemized statement that represents the computation of the fees

requested, and (3) alleging that the position taken by the United States was "not substantially

justified." 28 U.S.C. § 2412(d)(1)(B).  Additionally, the Court may, in its discretion, reduce or

deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly

and unreasonably protracted the final resolution of the matter in controversy" during the course

of the proceedings.  28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case.  *See Shalala v.

Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an

administrative law judge for further consideration qualifies as a "prevailing party" under Section

2412(d)(1)(B) of the EAJA.  Plaintiff has provided appropriate documentation for her fee

request and alleged that the position of the Commissioner was not substantially justified.  Next,

the Commissioner bears the burden of proving that her pre-litigation conduct, including the

ALJ's decision itself, and her litigation position were substantially justified.  *See Stewart v.

Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).  The Commissioner has not done so here; indeed, the

Commissioner has filed a response to the motion in which she states that she does not object to

the fee request.  [Dkt. 19.]  The Court also is not aware of any "conduct which unduly and

unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or her

counsel.  Therefore, the Court will not reduce or deny an award of fees or expenses on such

grounds.

Finally, the Court must determine whether the amount of the fee award sought by

Plaintiff is reasonable pursuant to the terms of the EAJA.  As a threshold requirement, 28 U.S.C.

§ 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  Plaintiff has done so.  *See* [Dkt. 17-3].  Plaintiff's counsel spent 7.6 hours on this case and their staff spent 18.5 hours, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate.  *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010).  Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience."  *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided.  *Id.* at 428-29.

Plaintiff sets out the appropriate calculation of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Producer Price Index—Offices of Lawyers, since the statutory hourly rate was set at $125 per hour in March 1996.  *See* [Dkt. 17-4.]  That calculation arrives at a maximum statutory hourly rate of greater than the $221.25 requested by counsel.  The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is

3

consistent with the rate approved in other similar cases in this district.  The Court also finds that the $100.00 hourly rate requested for the work of non-attorney staff is reasonable.

### III.  Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [Dkt. 17], and awards fees in the amount of $3,531.50.  An award under the EAJA belongs to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).  However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel [Dkt. 17-8].

SO ORDERED.

Dated:  19 SEP 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.

4